**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-02151-RMR

DANIEL ASIEDU,

Petitioner,

v.

DAVID J. VENTURELLA, ICE Acting Director,
GEORGE VALDEZ, Acting Field Director, Denver,
JUAN BALTAZAR, Warden,

Respondents.[1]

---

**ORDER**

---

Pending before the Court is Petitioner Daniel Asiedu's ("Mr. Asiedu" or "Petitioner") Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"), ECF No. 1. Respondents filed a Response to the Application, ECF No. 10. Mr. Asiedu did not file a Reply despite having the opportunity to do so. The Court has reviewed the Application, the Response, and the applicable case law. For the reasons stated below, the Application, ECF No. 1, is DENIED.

**BACKGROUND**

Mr. Asiedu is a citizen of Ghana. ECF No. 10 at 2. He was admitted to the United States on a nonimmigrant visa in 2007 but overstayed his authorized period of stay. *Id.*

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is automatically substituted for Todd Lyons as a Respondent.

In April 2018, Petitioner was arrested in Florida and charged with aggravated battery and aggravated assault with a deadly weapon. *Id.* He missed his court date and a warrant was issued for his arrest. ECF No. 1 at 2. On February 7, 2025, he was stopped for a traffic violation and then arrested based on the outstanding warrant. *Id.* at 3. On that same day, ICE officers encountered him while he was in state custody. ECF No. 10 at 2. On February 20, 2025, ICE officers took Petitioner into custody for removal proceedings upon his release from state custody and issued a Notice to Appear ("NTA"), initiating removal proceedings under 8 U.S.C. § 1229a. ECF No. 10 at 2. The NTA charged Petitioner with being deportable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B) (alien present in the United States in violation of the Immigration and Nationality Act). *Id.*

Petitioner appeared before an immigration judge ("IJ") and conceded the charge in the NTA in April 2025. *Id.* at 3. The IJ sustained the charge of removability and designated Ghana as the country of removal. *Id.* Petitioner filed Applications for Asylum, Withholding of Removal, and protection under the regulations implementing the United Nations Convention Against Torture ("CAT"). ECF No. 1-2 at 5.[2] On February 5, 2026, IJ Gardzelewski issued an order addressing Petitioner's Applications for Asylum and Withholding of Removal as well as Petitioner's request for protection under the regulations implementing the CAT.[3] *Id.* IJ Gardzelewski denied the Petitioner's Application for Asylum and ordered Petitioner be removed from the United States to

[2] IJ Gardzelewski's order attached to Petitioner's Petition appears to be missing pages. Pages 2, 4, 6 and 8 are not attached. However, the pages provided to the Court are sufficient to complete the required analysis.

[3] IJ Gardzelewski did not address the merits of Petitioner's request for protection under the regulations implementing the CAT because the IJ granted Petitioner's Withholding of Removal. The IJ ordered that Petitioner's application for protection under the CAT be held in abeyance.

Ghana. *Id*. at 5. IJ Gardzelewski then granted Petitioner's Application for Withholding of Removal to Ghana because the Immigration Court determined Petitioner showed it was more likely than not that he would suffer persecution by government actors in Ghana on the account of his sexual orientation.[4] *Id.*

Petitioner alleges that his final order of removal was issued on February 4, 2026. ECF No. 1 at 3. According to Respondents, an appeal of the IJ's order was due to the Board of Immigration Appeals (BIA) on or before Monday, March 9, 2026. ECF No. 10 at 3. No appeal was filed. *Id.* Respondents contend that Petitioner is in ICE custody pursuant to 8 U.S.C. § 1231, and that they are pursuing Petitioner's removal to a third country in light of the IJ's order for Withholding of Removal to Ghana. *Id*. According to Respondents, ICE has served Petitioner with a Notice of File Custody Review, which advised him that ICE will review his custody status and potential for release on an order of supervision. *Id.*

## LEGAL STANDARD

### Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also*

---

[4] The applicability of the Withholding of Removal is not impacted by this order. Pursuant to the Withholding of Removal granted by IJ Gardzelewski, Respondents may not remove Petitioner to Ghana.

*Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.")

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

**Post-Removal Detention Under § 1231**

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. There is no dispute that Petitioner is subject to a final order of removal and that the statutory authority for his detention arises from 8 U.S.C. § 1231.

Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order—"may be detained beyond the removal period." § 1231(a)(6). The statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period.

However, in *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id*.; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**ANALYSIS**

Respondents contend that Petitioner's detention is within the presumptively reasonable six-month period under *Zadvydas*. ECF No. 10 at 6 (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021)). Indeed, §1231(a)(1)(B) defines the beginning of the removal period as (i) "[t]he date the order of removal becomes administratively final," (ii) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," and (iii) "[i]f the alien

is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."

Petitioner alleges that the order of removal became final on February 4, 2026. ECF No. 1 at 3. In contrast, Respondents argue that although the notice of removal was issued on February 5, 2026, it did not become administratively final until the time to file an appeal expired, which was thirty days later, on Monday, March 9, 2026. ECF No. 10 at 3. The Supreme Court instructed that, "An order of removal becomes final at the earlier of two points: (1) a determination by the [BIA] affirming such order, or (2) the expiration of the period in which the alien is permitted to petition the BIA for review of the order. *Riley v. Bondi*, 606 U.S. 259, 260 (2025) (internal citations omitted). It appears the Board of Immigrations Appeals ("BIA") did not affirm the order, thus, Respondent is correct that the removal order became administratively final on March 9, 2026, when the time to appeal lapsed.

Therefore, Petitioner has been detained for less than six months and his Petition is premature. As Respondents note, his detention is presumptively reasonable under *Zadvydas* until September 9, 2026. After that date, Petitioner may file an amended petition where he "bears the burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Koca v. Noem*, No. 26-CV-00443-NYW, 2026 WL 575661, at *2 (D. Colo. Mar. 2, 2026) (citing *Zadvydas*, 533 U.S. at 701). If Petitioner meets his burden, the burden then shifts to Respondents to

present sufficient evidence to show that removal is likely. *Id.* (citing *Zadvydas*, 533 U.S. at 701).

## CONCLUSION

For the reasons stated above, it is ORDERED that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DENIED without prejudice as premature.**

DATED: July 14, 2026

BY THE COURT:

Regina M. Rodriguez
United States District Judge